This is a suit for the construction of a trust deed made between Elizabeth L. Herrman as settlor and United States Trust Company of Paterson as trustee, wherein the settlor conveyed certain personal property upon the terms set forth in the deed of trust. The paragraph in question reads as follows:
"The Trustee shall hold the aforesaid corpus of this trust in its present form, and any additional corpus or change therein by reason of a change in said holdings for the sole and absolute benefit of the party of the first part, and shall pay the income therefrom to her in convenient installments during the term of her natural life, or until *Page 536 
revoked; and at her death, pay to her said estate the entire principal of this trust fund with any accumulation of interest thereon remaining in its hands."
Miss Herrman died on the 5th day of June, 1937. By her will, after making certain bequests to personal friends and a local church, she left the residue of her estate to various charities. The complainant herein has been contesting this will in the prerogative court on the ground of mental incapacity and undue influence. A decision of the prerogative court is being rendered simultaneously herewith admitting this will to probate.
The complainant in this suit contends that the deed of trust gave to Miss Herrman only a power of appointment to dispose of the corpus of the trust fund upon her death, and that since her will does not expressly purport to exercise such power of appointment, the corpus of the trust upon her death would not become part of the residuary estate referred to in her will, and therefore would not go to the charities named therein, but descend to the next of kin of Miss Herrman, of whom complainant, who is a first cousin of Miss Herrman, is one.
The decision of this suit accordingly depends upon the construction and effect of the language in the deed of trust in the clause which provided "at her death pay to her said estate the entire principal of this trust fund with any accumulation of interest" and also whether the will is to be construed as to convey to the residuary legatees the corpus of the trust fund.
The deed of trust uses the expression "said estate," although the word "estate" had never previously been used in the deed. The word "said" in my opinion is to be deemed mere surplusage, having evidently been either inserted or left in the draft of the trust instrument by error.
In my opinion the word "estate" is used in the ordinary or vernacular meaning, and in the sense in which it is used in the trust deed it means that the corpus of the estate is to be considered part of the property remaining in her ownership at the time of her death and as such to come into the *Page 537 
possession, like all her other property, of her executor. There is no provision in the trust deed for payment to anyone else or of any intention that property should go elsewhere. In essence, the trust deed is nothing more or less than the appointment of the trustee to manage her property during her lifetime. She reserved the right to terminate this management if she so desired. I think it clearly appears from the language of the trust deed that she intended nothing more than to provide for this management during her lifetime, and intended that upon her death, the corpus should be part of her property, the same as her other assets. The provision for conveyance by the trustee to her estate simply provided a method of conveyance upon the termination of the trust.
This interpretation of the word "estate" has been followed by the courts in this state. Coghlan v. Supreme Conclave, c.,86 N.J. Law 41, in which the court said:
"While the word `estate' is not very apt, its meaning is very clear. The petitioner undoubtedly meant that the money should be paid to the insured's executor or administrator, to be administered as a part of the property which the insured might leave at his death."
In this view of the effect of the provision in the trust deed, the corpus of the trust became a part of the general property of the testatrix and was bequeathed under the residuary clause without the necessity of any power of appointment.
In Paul v. Paul, 99 N.J. Eq. 498, 501, in which the meaning of the word "estate" was involved, the court said the word is not to be understood as a word of art, but an interpretation and its meaning may be affected by other clauses and disposition of the will. The court further said that the obvious intent of the testatrix is to be disclosed by the light of extrinsic circumstances. The court construed a will so as to give it a meaning which otherwise would render the major provisions of it futile. In the case now before this court, the residuary clause will be inoperative unless the corpus of the trust provides the funds to the payment, since the previous bequests substantially exhaust all the other assets of the testatrix. *Page 538 
Under these circumstances, I conclude that the next of kin of the testatrix take nothing under the deed of trust and that thecorpus of the trust is part of the residuary estate to be distributed among the charities named as beneficiaries.
A decree will be advised accordingly.